## KAPILIANO KAHUE, KAPEKA GRIFFIN, KAPEKA KEAHI, EMELIA KAHUE ENOS, ALIAS EMELIA ENOS WILLING, MOSES KAANAANA, KAUPONO KAHUE AND MELE KAULII *v.* LOT KAHALE.

### No. 1852.

ARGUED FEBRUARY 5, 1929.          DECIDED FEBRUARY 26, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

Lot Kahale filed in the land court an application to register title to Lots 1 and 2, Block 22, Kapiolani Tract, City and County of Honolulu. The judge of the land court decided against Kahale, and, exercising the right given him by statute, Kahale appealed to the circuit court with a jury. Upon trial in the circuit court the jury by its verdict made findings that in the opinion of the land court gave Kahale title to the land, whereupon the land court entered a decree confirming and registering title in Kahale. The case is brought here on writ of error by Kapiliano Kahue and others who contested Kahale's application.

Section 3203, R. L. 1925, which relates to appeals from the decision of the land court, provides among other things that "upon such appeal issues shall be framed therefor by the judge of the land court within thirty days after the filing of notice of appeal, or within such further time as the court may allow; and within ten days after the issues shall have been framed and allowed by the judge the registrar shall transmit to the circuit court the record in the cause, or such parts thereof and such papers and exhibits as the judge of the land court may designate as being material to the issues framed. No issues shall be tried in the circuit court except those speci-- fied upon the appeal. At the trial the record, papers and

exhibits transmitted from the land court shall be considered as in evidence, and the testimony of witnesses given in the land court may be read in evidence; provided, however, that any witness may be called and examined before the jury, and further testimony may be adduced by any party. A special verdict shall be rendered." In accordance with this provision of the statute the judge of the land court framed the issues and the record in the case was duly transmitted to the circuit court.

It is claimed by plaintiffs in error (contestants) that after the case reached the circuit court one of the issues that had been framed by the judge of the land court was omitted and another and different issue was submitted to the jury in its stead. It appears from the record, and is not denied, that the issue, about which complaint is made, was submitted to the jury by the consent of the parties. It is contended, however, by the plaintiffs in error (contestants) that the circuit court was without jurisdiction to submit to the jury any issues other than those that had been framed by the judge of the land court and that jurisdiction to submit a different issue could not be conferred by agreement of the parties.

We think this contention is sound. The statute is explicit that "no issues shall be tried in the circuit court except those specified upon the appeal." The issues specified upon the appeal are the issues framed by the judge of the land court. They constitute the subject matter over which the circuit court is given jurisdiction. This jurisdiction cannot be enlarged by consent of the parties so as to embrace other and different issues. It is too well settled to admit of dispute that jurisdiction of the subject matter cannot be conferred by consent nor can lack of such jurisdiction be waived. The real question, therefore, before us is whether the circuit court submitted to the jury an issue that was not included in those framed by

the judge of the land court. If so, the confirmation of the title to the land in the applicant, based on the finding of the jury on such improperly submitted issue, would be erroneous.

In order to properly present our views on this question it is necessary to relate the means by which Kahale claimed in the land court to have acquired title and to set forth the findings of the land court, the issues that were framed by the judge of the land court, the issues that were submitted to the jury by the circuit court and the findings of the jury on those issues. Kahale introduced in evidence a deed from Jesse P. Makainai conveying to Cecilia Mahiai Kahue the land in question. This deed was dated May 17, 1916. It also appears from the record that on August 9, 1927, one Lui Vera Cruz conveyed the land to the applicant, Lot Kahale. There seems to be no question that at the time Makainai conveyed to Cecilia Kahue he had a good title to the land conveyed. It is also undisputed that Vera Cruz had no paper title whatever. It was claimed by the applicant that when the land was purchased from Makainai and the deed executed to Cecilia Kahue the money used for the purchase price of the land was not Cecilia's money but was Vera Cruz' money and that therefore a resulting trust arose in favor of Vera Cruz which made him the real owner of the land and enabled him to convey such a title as his grantee (the applicant) could have confirmed and established in the land court.

The applicant also claimed that he had acquired title by adverse possession. The judge of the land court in his decision found that the evidence was not sufficient to establish a resulting trust in Vera Cruz nor was it sufficient to establish title in the applicant by adverse possession. The following issues, on appeal noted to the circuit court, were then framed by the judge of the land

court and transmitted to the circuit court: "(1) Whether or not, the money paid to Jesse P. Makainai for the land conveyed by him to Cecilia M. Kahue, by deed dated May 17, 1916, describing Lots 1 and 2, Block 22, Kapiolani Tract, City and County of Honolulu, Territory of Hawaii, was paid by Lui Vera Cruz. (2) If the jury find that Lui Vera Cruz did furnish the money for the purchase of the said lots, then was the money furnished with the understanding that the said lots were to become the property of Cecilia M. Kahue, or Lui Vera Cruz? (3) When did Lui Vera Cruz first know that the deed to the land in question was conveyed to Cecilia M. Kahue? (4) Whether or not, the petitioner has proved by a preponderance of the evidence that his entry or possession upon the said land was hostile and adverse to the contestants herein, or to any other right, and was actual, visible, notorious, exclusive, continuous, and uninterrupted, under a claim of title to said premises, for a period of ten years, from and after the death of Cecilia M. Kahue and next preceding the commencement of this suit."

Of these issues it is clear that the issue numbered (1), the issue numbered (3) and the issue numbered (4) were submitted to the jury by the circuit court. To the inquiry contained in the issue numbered (1), namely, whether the money paid to Makainai for the land conveyed to Cecilia Kahue was furnished by Vera Cruz, the jury answered "yes;" to the inquiry contained in the issue numbered (3), namely, "When did Lui Vera Cruz first know that the deed to the land in question was made to Cecilia M. Kahue," the jury answered "after her death (August 17, 1917);" and to the inquiry contained in the issue numbered (4), which related to adverse possession, the jury answered "no." Issue numbered (2) was not submitted to the jury in the form in which it was framed

by the judge of the land court. In its stead the circuit court submitted to the jury the following question: "If the jury find that Lui Vera Cruz did furnish the money for the purchase of said lots then was there an understanding that the title to said lots was to be taken in their joint names as joint tenants so that the property would ultimately belong to the survivor?" To this question the jury answered "yes." Did this question submit to the jury substantially the same issue as that contained in issue numbered (2) framed by the judge of the land court? If the mere form of the issue was changed by the circuit court, leaving the substance the same, we think then there was no error. So much is conceded by the contestants. If on the other hand the change was one of substance the circuit court was without jurisdiction to make it. The question contained in the issue framed by the land court was specific, namely, if Vera Cruz furnished the money was it furnished with the understanding that the land was to become the property of Cecilia Kahue, or was it furnished with the understanding that the land was to become the property of Vera Cruz?

The question submitted by the circuit court did not require the jury to decide whether there was an agreement between Cecilia Kahue and Vera Cruz that the land should become the property of one or the other of them but required the jury to decide whether there was an agreement that the title was to be taken in their joint names as joint tenants so that the property would ultimately belong to the survivor. We think there was a material difference between the issue framed by the judge of the land court and the issue submitted to the jury by the circuit court and that it was beyond the jurisdiction of the circuit court to submit the latter issue. The verdict of the jury on the issue submitted by the circuit court was therefore a nullity and it was erroneous for

the land court to predicate a decree confirming title in the applicant upon it.

The decree of the land court is reversed and the case is remanded with instructions to the land court to vacate the decree and to return the record to the circuit court. Upon receipt of the record the circuit court should set aside the verdict of the jury and grant the parties a new trial and upon such new trial submit to the jury only the issues framed by the judge of the land court.

*N. D. Godbold* (*Heen & Godbold* on the briefs) for plaintiffs in error.

*C. T. Ross* (*W. C. Achi* with him on the brief) for defendant in error.